UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JACKSONVILLE URBAN LEAGUE, INC.,

*Plaintiff*,

v.

ALEX M. AZAR, II, Secretary, United States Department of Health and Human Services,

*Defendant*.

Civil Action No. 18-cv-2275 (DLF)

**MEMORANDUM OPINION**

The plaintiff Jacksonville Urban League (JUL) brings this action against the defendant, Alex M. Azar II, the Secretary of the Department of Health and Human Services (HHS), in both his official and individual capacities. JUL alleges that HHS violated the Fourth and Fifth Amendments when it suspended JUL's Head Start and Early Head Start funding and subsequently searched and seized its office, files, and computers. Before the Court are the United States' and defendant Azar's motions to dismiss and JUL's motion for leave to file an amended complaint. For the following reasons, the Court will grant the motions to dismiss and deny the motion for leave to file an amended complaint.

**I. BACKGROUND**

JUL is a community-based, non-profit agency that received funds from HHS to operate Head Start and Early Head Start programs. Complaint ¶ 2, Dkt. 1 (Compl.). On April 5, 2013, the Administration of Children and Families (ACF), a division of HHS, suspended JUL's funding based on concerns for the health and safety of children under JUL's care. *See* Defendant's Motion to Dismiss Individual-Capacity Claims, Dkt. 14 (Def.'s Indiv. Mtn.).

1

A review of HHS' decision began almost immediately. In June of 2013, ACF permitted JUL to show cause why the suspension should be rescinded. *Id.* at 2. ACF determined that JUL failed to provide satisfactory evidence to restore funding, so the suspension continued. *Id.* Next, JUL appealed the suspension to the HHS Departmental Appeals Board. A hearing took place in January of 2014, and JUL argued that its suspension was improper because ACF had not shown that an "emergency" justified the suspension. *Id.* at 2. In March of 2014, the Appeals Board upheld the suspension. *Id.* at 2–3. JUL then petitioned a federal court for review of the Appeals Board's decision. *Id.* at 3. The District Court for the District of Columbia dismissed the case without prejudice for failure to prosecute under Local Civil Rule 83.23. *Id.*

In June of 2018, JUL brought another challenge in federal court. There, for the first time, JUL asserted claims against the Secretary of HHS for alleged constitutional violations under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Id.* That court dismissed the case without prejudice for failure to serve the United States in accordance with Rule 4(i)(2) of the Federal Rules of Civil Procedure. *Id.*

On October 1, 2018, JUL filed this action which is virtually identical to its June 2018 complaint. JUL now sues the Secretary of HHS in his "official capacity," and pursuant to *Bivens*, raises individual-capacity claims for money damages based on alleged Fourth and Fifth Amendment violations. Compl. ¶¶ 25–39. The complaint alleges that HHS violated (1) the Fourth Amendment by unlawfully searching and seizing JUL's funding, office, files, and computers, *id.* ¶¶ 25–31, and (2) the Due Process Clause of the Fifth Amendment by suspending JUL's funding without giving JUL notice or an opportunity to be heard, *id.* ¶¶ 32–39

## II. LEGAL STANDARDS

### A. Rule 12(b)(1)

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to dismiss an action or claim when the court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion for dismissal under Rule 12(b)(1) "presents a threshold challenge to the court's jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). Federal district courts are courts of limited jurisdiction, and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Thus, "the plaintiff bears the burden of establishing that the court has jurisdiction by a preponderance of the evidence." *Seawright v. Postmaster General of U.S.P.S.*, No. 18-CV-460, 2018 WL 6173445, at *1 (D.D.C. 2018) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

"When ruling on a Rule 12(b)(1) motion, the court must treat the plaintiff's factual allegations as true and afford the plaintiff the benefit of all inferences that can be derived from the facts alleged." *Jeong Seon Han v. Lynch*, 223 F. Supp. 3d 95, 103 (D.D.C. 2016) (internal quotation marks and citations omitted). Those factual allegations, however, receive "closer scrutiny" than they would if the court were considering a Rule 12(b)(6) motion for failure to state a claim. *Id.* Also, unlike in the Rule 12(b)(6) context, a court may consider documents outside the pleadings to evaluate whether it has jurisdiction, but a court "must still accept all of the factual allegations in the complaint as true." *See Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) (internal quotations marks and citations omitted). If at any point the court determines that it lacks jurisdiction, the court must dismiss the claim or action, whether on the defendant's motion or sua sponte. Fed. R. Civ. P. 12(b)(1), 12(h)(3).

### B. Rule 12(b)(2)

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss an action when the court lacks personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "On such a motion, the plaintiff bears the burden of 'establishing a factual basis for the exercise of personal jurisdiction' over each defendant." *Triple Up Ltd. v. Youku Tudou Inc.*, 235 F. Supp. 3d 15, 20 (D.D.C. 2017) (quoting *Crane v. N.Y. Zoological Soc.*, 894 F.2d 454, 456 (D.C. Cir. 1990)). To meet this burden, a plaintiff cannot rely on conclusory allegations, *id.*, but rather must allege specific facts connecting the defendant with the forum, *see Shibeshi v. United States*, 932 F. Supp. 2d 1, 2 (D.D.C. 2013) (internal quotation marks omitted) (citing *Second Amendment Foundation v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001)). "Ultimately, the Court must satisfy itself that it has jurisdiction to hear the suit." *Triple Up Ltd.*, 235 F. Supp. 3d at 20–21 (internal quotation marks and citations omitted).

### C. Rule 15(a)(2)

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[w]hen evaluating whether to grant leave to amend, the Court must consider (1) undue delay; (2) prejudice to the opposing party; (3) futility of the amendment; (4) bad faith; and (5) whether the plaintiff has previously amended the complaint." *Howell v. Gray*, 843 F. Supp. 2d 49, 54 (D.D.C.2012) (citing *Atchinson v. District of Columbia*, 73 F.3d 418 (D.C.Cir.1996)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment "is futile and should be denied" when it "would not survive a motion to dismiss—such as where a claim sought to be added is barred by the statute of limitations." *Palacios v. MedStar Health, Inc.*, 298 F. Supp. 3d 87, 90 (D.D.C. 2018); *see e.g.*, *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim

4

would not survive a motion to dismiss."). This review for futility is functionally "identical to review of a Rule 12(b)(6) dismissal based on the allegations in the amended complaint." *In re Interbank Funding Corp. Secs. Litig.*, 629 F.3d 213, 216 (D.C. Cir. 2010) (internal quotation marks and citations omitted). Thus, when assessing a motion for leave to amend, "the Court is required to assume the truth of the allegations in the amended complaint and construe them in the light most favorable to the movant." *Flaherty v. Pritzker*, 322 F.R.D. 44, 46 (D.D.C. 2017) (citing *Caribbean Broad. Sys. v. Cable & Wireless PLC*, 148 F.3d 1080, 1086 (D.C. Cir. 1998)). The party opposing amendment "bears the burden of showing why an amendment should not be allowed." *Abdullah v. Washington*, 530 F. Supp. 2d 112, 115 (D.D.C. 2008)

## III. ANALYSIS

In its motion to dismiss, the United States argues that the plaintiff's "official capacity" claims should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because they run against the United States and the United States has not waived sovereign immunity for Bivens claims. *See* Defendant's Motion to Dismiss Official-Capacity Claims, Dkt. 13 (Def.'s Off. Mtn.). Defendant Azar also moves to dismiss the "individual claims" under Rule 12(b)(2) for lack of personal jurisdiction, under Rule 12(b)(3) for improper venue, and under Rule 12(b)(6) for failure to state a claim. *See* Def.'s Indiv. Mtn. at 4, 7–15. Also before the Court is the plaintiff's motion for leave to file an amended complaint. *See* Plaintiff's Motion for Leave to File Amended Complaint, Dkt. 20 at 1 (Pl.'s Mtn.).

For the reasons stated below, the Court will dismiss the official capacity claims for lack subject-matter jurisdiction under Rule 12(b)(1) and the individual capacity claims for lack of personal jurisdiction under Rule 12(b)(2). In addition, the Court will deny the plaintiff's motion

for leave to file an amended complaint because the motion would be futile and the plaintiff provides no justification for the delay in seeking to amend the complaint.

### A. "Official Capacity" Claims

"The United States, as sovereign, is immune from suit save as it consents to be sued . . ." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). Indeed, "without the consent of Congress," *Block v. North Dakota ex rel. Bd. of Univ. and School Lands*, 461 U.S. 273, 287 (1983), a waiver is required for a party to bring an action for damages or injunctive relief against the federal government, its agencies, or an employee in his official capacity, *see F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (suing a federal agency for damages); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (suing employees for money damages). A party suing the United States "bears the burden of proving that the government has unequivocally waived its immunity." *Tri-State Hosp. Corp. v. United States*, 341 F. 3d 571, 575 (D.C. Cir. 2003). And the absence of an unequivocal waiver requires courts to dismiss a plaintiff's claims for lack of subject-matter jurisdiction. *See, e.g.*, *Jackson v. Bush*, 448 F. Supp. 2d 198, 200 (D.D.C. 2006).

The plaintiff provides no evidence that the government unequivocally waived its sovereign immunity or that Congress passed a statute authorizing this type of official capacity suit. To the contrary, the government filed a motion to dismiss on the basis of sovereign immunity. Because the Court lacks jurisdiction over the claims against Secretary Azar in his official capacity as Secretary for HHS, it will dismiss the official-capacity claims under Rule 12(b)(1).

### B. "Individual Capacity" Claims

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Under D.C. law, personal jurisdiction exists when two criteria are met: (1) "the defendant must qualify for either general or

specific jurisdiction under the relevant [D.C.] statutes," and (2) "the exercise of jurisdiction over the defendant must comply with the Due Process Clause . . ." *Canuto v. Mattis*, No. 16-CV-2282, 2018 WL 3213318, at *5 (D.D.C. June 30, 2018).

The plaintiff meets neither criteria. General jurisdiction does not exist because the plaintiff provides no evidence in its complaint or response to suggest that Mr. Azar is "domiciled in" or maintains his "principal place of business" in the District of Columbia. D.C. Code § 13-422. Nor does the plaintiff allege any personal connection between Mr. Azar, the alleged harm, and D.C. that might permit the Court to exercise specific jurisdiction in this case. *Id.* § 13-423. Moreover, the plaintiff does not allege that Mr. Azar had sufficient "minimum contacts" as it pertains to this action such that "the maintenance of the suit [in D.C.] does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "[C]ontact with D.C. pursuant to federal employment is not sufficient to assert [personal] jurisdiction" over a defendant in a *Bivens* case. *Berman v. Crook*, 293 F. Supp. 3d 48, 58 (D.D.C. 2018). Accordingly, the Court will dismiss the claims against Mr. Azar in his individual capacity on 12(b)(2) grounds.[1]

---

[1] Further, because the plaintiff failed to respond to defendant Azar's personal jurisdiction, improper venue, and statute of limitations arguments, the Court considers them conceded. A party opposing a motion must "serve and file a memorandum of points and authorities," and "the court may treat the motion as conceded" when the opposing party fails to address an argument in opposition. Local Civ. R. 7(b); *see also Hopkins v. Women's Div., General Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C 2003) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."), *aff'd*, 98 Fed. Appx. 8 (D.C. Cir. 2004); *see also Tax Analysts v. IRS*, 117 F.3d 607, 610 (D.C. Cir. 1997).

C.	**Motion for Leave to Amend**

The Court also denies the plaintiff's motion for leave to file an amended complaint because the plaintiff has offered no justification for its delay in seeking to amend the complaint, and any such amendment would be futile. *See Palacios*, 298 F. Supp. 3d at 90. An amendment is futile if, among other reasons, the amended pleading could not withstand a motion to dismiss. *Id.* Even if the plaintiff's amended complaint, which seeks to name new defendants, had cured the venue and jurisdictional defects from the original complaint,[2] the *Bivens* claims would still fail because the statute of limitations has expired on those claims.

Given that *Bivens* claims are implied causes of action rather than ones granted by statute, they lack a federal statute of limitations period. So the Court must "look to analogous provisions in state law" to determine the limitations period for the *Bivens* claims. *Doe v. Dep't of Justice*, 753 F.2d 1092, 1114 (D.C. Cir. 1985). The D.C. Code does not specify a statute of limitations for *Bivens* claims, but it provides that claims "for which a limitation is not otherwise specifically prescribed" are subject to a three-year limitations period. D.C. Code § 12-301(8). *See also Hobson v. Wilson*, 737 F.2d 1, 32 (D.C. Cir. 1984) (The "three-year limitations period provided in D.C. Code § 301(8)," not a one-year limitations period, "controls" claims "brought . . . under the rationale of *Bivens*.") (overruled in part on other grounds by *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993)); *Banks v. Chesapeake &*

---

[2] In its motion for leave to file an amended complaint, the plaintiff attempts to resolve the sovereign immunity issue by dismissing Azar from this case. Pl.'s Mtn. at 1. In his place, the plaintiff names seven new HHS actors all in their individual capacities. *Id.* For review of a motion to amend for futility, the Court's analysis "is, for practical purposes, identical to review of a Rule 12(b)(6) dismissal based on allegations in the amended complaint." *In re Interbank Funding Corp. Secs. Litig.*, 629 F.3d at 215–16 (quotation marks omitted). Accordingly, the Court applies a Rule 12(b)(6) standard to determine whether the amended complaint fails to state a claim for relief.

*Potomac Tel. Co.*, 802 F. 2d 1416, 1429 (D.C. Cir. 1986) ("[T]he three-year limitations period in [D.C. Code] § 301(8) applies . . . to most *Bivens* actions."); *Berman v. Crook*, 293 F. Supp. 3d 48, 56 (D.D.C. 2018) ("A three-year limitations period applies to *Bivens* claims."); *Richardson v. Yellen*, 167 F. Supp. 3d 105, 115 (D.D.C. 2016) ("*Bivens* claims are subject to, at best, a three-year statute of limitations.").

A statute of limitations begins to run whenever a cause of action "accrues," and that occurs when "the plaintiff can file suit and obtain relief." *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 105 (2013) (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). Put differently, a claim accrues at the moment a party has "a complete and present cause of action," *Gabelli v. S.E.C.*, 568 U.S. 442, 448 (2013), or "actual notice" of the allegedly-wrongful conduct, *Bradford v. George Washington University*, 249 F. Supp. 3d 325, 334 (D.D.C. 2017) (citation omitted); *cf. Wallace v. Kato*, 549 U.S. 384, 391 (2007) ("[T]he tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages." (citation omitted)).

The plaintiff filed this lawsuit on October 1, 2018, so any *Bivens* claims that accrued before October 1, 2015 are untimely under D.C. § 12-301(8).[3] As alleged, HHS violated the plaintiff's Fourth Amendment rights by unlawfully searching and seizing property during the

---

[3] The Court notes that although the plaintiff filed his initial lawsuit in March 2014, he did not raise any *Bivens* claims then. The first time the plaintiff raised a *Bivens* claim was in June 2018, when he filed a similar lawsuit. Moreover, the plaintiff does not seek equitable tolling. And equitable tolling is justified "only in extraordinary and carefully circumscribed circumstances." *Norman v. United States*, 467 F.3d 773, 776 (D.C. Cir. 2006) (citation omitted). Generally, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Mizell v. SunTrust Bank*, 26 F. Supp. 3d 80, 87 (D.D.C. 2014) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The plaintiff attempts no such showing here.

9

"summary suspension process," Compl. ¶ 13, which occurred "on or about April 13, 2013," *id.* ¶ 12. And any alleged violation of the plaintiff's Fifth Amendment due process rights also occurred in April 2013, when ACF informed the plaintiff by letter (on April 5, 2013) of its decision to suspend the plaintiff's federal funding (on April 9, 2013). *Id.* ¶¶ 32, 35–36; Def.'s Indiv. Mtn. at 2. Because there is no question that the plaintiff was immediately aware of HHS's actions, the three-year statute of limitations for plaintiff's alleged *Bivens* claims began to run in April 2013. Nonetheless, the plaintiff waited until 2018—over five years after the conduct occurred—to bring this action. Given that the plaintiff's claims would be time-barred, its motion for leave to file an amended complaint is futile.[4]

## CONCLUSION

For the foregoing reasons, it is ordered that the United States' motion to dismiss is granted, defendant Azar's motion to dismiss is granted, and the plaintiff's motion for leave to file an amended complaint is denied. A separate order accompanies this memorandum opinion.

July 16, 2019

DABNEY L. FRIEDRICH
United States District Judge

---

[4] Further, in its filings seeking leave to amend, the plaintiff never addresses defendant Azar's argument that his claims against the new alleged defendants are time-barred due to the relevant limitations period. Thus, the plaintiff concedes under Local Civil Rule 7(b), *see supra* Part III.B, that its amended complaint would be untimely.